UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAUTHER BADR,                    :
    Plaintiff,                   :
                                 :
        v.                       :    Civ. No. 3:06CV1208(AHN)
                                 :
LIBERTY MUTUAL GROUP, INC.,      :
    Defendant.                   :

RULING ON DISCOVERY MOTIONS

This is an employment discrimination and retaliation case brought under Title VII. The plaintiff, a practicing Muslim of Arabic descent, alleges that three of her coworkers harassed her because of her gender, national origin and religion. She further alleges that the defendant fired her as a result of her complaints to management regarding the harassment.

Currently before the court are the plaintiff's motion to quash subpoena duces tecum [doc. # 31], defendant's motion to compel production of psychotherapy records [doc. # 37], and plaintiff's motion to compel payment of expert fee [doc. # 40]. The court heard oral argument on all three motions on September 4, 2007.[1]

---

[1] The plaintiff also filed a motion for sanctions and attorney's fees [doc. # 40] pursuant to Fed. R. Civ. P. 37(a)(4), and the defendant also sought attorney's fees and sanctions in its motion to compel [doc. # 37]. The court did not hear oral argument on the issue of sanctions, but the court finds that the parties shall bear their own attorney's fees and costs because both parties were unable to resolve their respective discovery disputes without the court's involvement, and the court grants in part both parties' motions to compel. See Almonte v. Coca-Cola Bottling Co. of New York, Inc., 169 F.R.D. 246, 248 (D. Conn. 1996)(noting that the decision to impose sanctions is within the

DISCUSSION

The plaintiff argues in its motion to quash that the defendant only seeks to prove that she brought other claims against her previous employer and is therefore litigious. The defendant counters that it is the plaintiff's credibility that is at issue, not her litigious nature. The plaintiff also filed a motion to compel the defendant to pay her treating physician a fee for his deposition testimony. In response, the defendant cancelled the deposition of the plaintiff's treating physician and filed a motion to compel the production of the plaintiff's psychotherapy records because the plaintiff redacted portions of them, claiming that the passages were protected by both the attorney-client and psychotherapist privileges.

I. Motion to Quash Subpoena Duces Tecum

The defendant filed a notice of intent to serve subpoena duces tecum [doc. # 30] on Amy Ferris, a human resources generalist at Enterprise Rent-A-Car ("Enterprise"), the plaintiff's previous employer and a nonparty. The plaintiff now seeks to quash the defendant's subpoena duces tecum on the grounds that it will not lead to the discovery of relevant

---

discretion of the district court); Fed. R. Civ. P. 37(a)(4)(A) ("If [a motion to compel] is granted . . . the court shall . . . require the party whose conduct ... necessitated the motion . . . to pay the moving party the reasonable expenses incurred in making the motion.")

evidence and is overly broad on its face.

   A.  <u>Standing</u>

   The parties do not address the issue of standing, but because the subpoena is directed to a nonparty and it is the plaintiff who seeks to quash it, the court will address this issue.

   Normally only the person or entity to whom a subpoena is directed has standing to file a motion to quash. <u>See</u> <u>Chemical Bank v. Dana</u>, 149 F.R.D. 11, 13 (D. Conn. 1993). However, Rule 45(3)(A) states that, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies." <u>See</u> Fed. R. Civ. P. 45(3)(A). The plaintiff may assert a privacy interest in her personnel files, though they are in the possession of her former employer. <u>See</u> Conn. Gen. Stat. § 31-128f (requiring employee's consent to disclose personnel files absent subpoena or other judicial order). Hence, the plaintiff's interest in keeping her personnel files private gives her standing under Fed. R. Civ. P. 45(3)(A) to challenge the subpoena. <u>See</u> <u>Richards v. Convergys Corp.</u>, Civ. No. 2:05-cv-790, 2007 WL 474012, at *1 (D. Utah Feb. 7, 2007) (holding that because of privacy interests, employee had standing to challenge third party subpoena that sought her personnel files, and citing with approval to other courts that

3

reached the same conclusion).

B. Standard

Discovery of matters "relevant to the subject matter involved in the action" is appropriate. See Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes means information that is reasonably calculated to lead to the discovery of admissible evidence. See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991). Additionally, "whether a specific discovery request seeks information relevant to a claim or defense will turn on the specific circumstances of the pending action. . . ." 6 James Wm. Moore, et al., Moore's Federal Practice § 26.41[6][c] (3d ed. 2002)(citing Fed. R. Civ. P. 26(b)(1) advisory committee note (2000)).

C. Discussion

The defendant argues that the plaintiff lied under oath when she stated that she had not filed a claim against anyone at Enterprise. In its subpoena, the defendant seeks the following documents from Enterprise:

> Any and all records relating to former employee Kauther Badr (approximate dates of employment in the Greenwich, CT office: May 2002 - October 2003), including but not limited to her: personnel file; any investigative file relating to complaints she lodged or complaints lodged about her; resume; background check documents; and notes from any interviews with or investigations relating to Ms. Badr.

The plaintiff filed a motion to quash the subpoena duces tecum [doc. # 31] on the grounds that the defendant seeks to use the

4

documents to prove that the plaintiff is litigious because she allegedly filed a claim against Enterprise. The plaintiff argues that the subpoena is not reasonably calculated to lead to the discovery of admissible evidence pursuant to Fed. R. Civ. P. 26(b), and that evidence of a party's litigiousness is inadmissible at trial. See Outley v. City of New York, 837 F.2d 587, 593 (2d Cir. 1988).

The defendant counters that Outley involved admissibility of prior claims at trial, and not at the discovery phase, where the standard is much lower. In addition, the plaintiff stated in her deposition that she did not file any claims against anyone at her previous employer, Enterprise, but the defendant asserts that it has a "good faith basis" to believe that the plaintiff lied about this under oath. Specifically, the defendant alleges that the plaintiff filed a claim or complaint against her former manager at Enterprise for sexual harassment. Therefore, the purpose of the subpoena is to attack the plaintiff's credibility, not her litigious nature.

The court agrees that whether the plaintiff was untruthful in her deposition about prior claims may be relevant to the current action, and meets the standard for relevance set forth in Rule 26(b)(1). See, e.g., Graham v. Casey's General Stores, 206 F.R.D. 251, 256 (S.D. Ind. 2002) (holding that plaintiff's personnel files should be produced to allow the defendant to

determine if she filed frivolous claims in the past, subject to a protective order to guard the plaintiff's privacy interests in her personal information). The plaintiff's truthfulness regarding previous claims can be relevant to whether her current allegations are to be believed.

However, the defendant seeks "any and all records relating to" the plaintiff, not just documents that pertain directly to whether she filed a claim or complaint against a manager at Enterprise. The subpoena, as it is currently drafted, is overly broad. See, e.g., Franzon v. Massena Mem. Hosp., 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (finding that defendant's discovery request for "any and all documents" without limitations is overbroad); Richmond v. UPS Service Parts Logistics, No. IP01-1412, 2002 WL 745588, *4 (S.D. Ind. Apr. 5, 2002) (holding that a discovery request for the plaintiff's entire personnel file is overly broad on its face and does not comply with the standard set forth in Rule 26). Accordingly, the court shall narrow the scope of the subpoena and limit it to seek the production of only those documents from Enterprise that concern prior claims or complaints the plaintiff may have filed against other Enterprise employees.

II. Motion to Compel Production of Psychotherapy Records

When the plaintiff produced her psychotherapy records in response to a discovery request from the defendant, she redacted portions of 11 of the 19 records produced. The defendant filed a

motion to compel the plaintiff to produce unredacted copies of the records. The defendant argues that the records are relevant to its defense of the case. Further, the plaintiff has put her mental condition at issue by alleging in her complaint that she "[h]as suffered and will continue to suffer past and future physical and emotional harm" as a result of the defendant's conduct, and she seeks compensatory damages from the defendant for "emotional pain."

The plaintiff argues that the redacted portions are protected by the attorney-client privilege and the patient-therapist privilege. According to <u>Murray v. Bd. of Educ. of New York</u>, 199 F.R.D. 154, 155 (S.D.N.Y. 2001), "disclosure of communications protected by the attorney-client privilege within the context of another privilege does not constitute waiver of the attorney-client privilege." <u>Id.</u>

However, when a plaintiff independently seeks treatment from a psychotherapist and claims that the defendant caused her to suffer emotional distress, she waives the privilege and the records must be produced in their entirety. See <u>Murray</u>, 199 F.R.D. at 156-57 ("[T]he Court declines to strain the attorney-client privilege to apply to a third party who is not consulted to assist the attorney.").

This court agrees with the reasoning in <u>Murray</u>. The plaintiff already produced her records to the defendant and there

7

is no indication that her attorney initially advised her to seek treatment from Dr. Cohen.  Accordingly, neither privilege protects plaintiff's redacted communications.

The court conducted an in camera review of the redactions and marked the records that the plaintiff must produce to the defendant in unredacted form.  The remaining redactions are not relevant to this action under Fed. R. Civ. P. 26(b)(1) and thus the plaintiff is not obliged to produce them.

III.  Motion to Compel Payment of Expert Fee

The plaintiff argues that Dr. Cohen, the plaintiff's treating psychologist, is entitled to a "reasonable fee" in the manner of an expert witness for his deposition testimony as opposed to the $40 fee set forth in 28 U.S.C. § 1821 for lay witnesses.

The court acknowledges that there is a split of authority on this issue.  Some courts have held that a treating physician, if he is testifying solely to the facts gleaned during treatment of the plaintiff, is a regular fact witness and is entitled only to the statutory $40 fee.  See Zanowic v. Ashcroft, No. 97 Civ. 5292, 2002 WL 826878, at *2 (S.D.N.Y. Apr. 30, 2002)(declining to authorize a fee in excess of $40 for a treating physician, though noting that additional compensation for physician-witnesses is a "compelling argument"); Matias v. United States, 97 Civ. 8957(NRB), 1999 WL 1022132, at *1 (S.D.N.Y. Nov. 5, 1999)(stating

8

that "a party cannot convert a fact witness into an expert witness by mere designation"). But other courts have held that the opposite is true. In Lamere v. New York State Office for the Aging, 223 F.R.D. 85, 87-88 (N.D.N.Y. 2004), the court stated:

> [W]e cannot completely limit a treating physician to solely factual testimony. A treating physician is no less a person with specialized knowledge and, in the scheme of her physician duties, provides opinions of various nature in the process of treating to her patient. In this respect, we view the doctor's testimony as far broader than just a mere fact witness but as an expert. . . .

Id. at 87-88. This court agrees. The nature of Dr. Cohen's testimony goes well beyond a lay witness who, for instance, recounts his version of a car accident that he witnessed. Dr. Cohen's expertise coupled with factual knowledge about the plaintiff allow him to draw conclusions about the plaintiff's course of treatment, progress and prognosis, as well as the possible origins of her mental or emotional condition. Accordingly, Dr. Cohen is a sort of "hybrid" expert. He fits squarely within the definition of Fed. R. Evid. 702, yet he is not designated as an expert witness and the court will not require that he file an expert report. See, e.g., Ordon v. Karpie, 223 F.R.D. 33, 36 (D. Conn. 2004)(stating that a treating physician may testify and provide an opinion based on specialized scientific knowledge as provided in Rule 702 in conjunction with the scope of treatment but is not required to provide an expert report); Lamere, 223 F.R.D. at 89 (noting with approval that the

advisory committee's note to Rule 26(a)(2) states that "treating physicians can be deposed or called to testify at trial without the requirement of a written report"). Accordingly, Dr. Cohen is entitled to a fee in excess of $40 as set forth in 28 U.S.C. § 1821.

In addition, the fee that Dr. Cohen seeks is reasonable. The court considers the following factors to make this determination:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Coleman v. Dydula, 190 F.R.D. 320, 324 (W.D.N.Y. 1999). Dr. Cohen is a licensed psychologist in Stamford, Connecticut and has been in practice for 25 years. He charges $250 an hour for testimony and estimates that preparation for and attendance at the deposition will take approximately five hours. Dr. Cohen seeks a total of $1,250 as compensation for his deposition testimony. Dr. Cohen states in his affidavit that his $250 fee is commensurate with those charged by other psychologists in Fairfield County with similar expertise and who provide similar services.

Further, the defendants cancelled Dr. Cohen's first scheduled deposition the day before it was noticed and Dr. Cohen already had cancelled all of his scheduled patients for that afternoon. The defendant presumably will ask that Dr. Cohen once again cancel all of his patients for half a day to depose him. As the court in <u>Lamere</u> noted:

> Physicians provide invaluable services to the public and should be remunerated for their time when they cannot deliver medical care. They often have substantial overhead costs that they incur whether they are creating a patient or testifying about one. Litigators and their clients typically obtain physician testimony by deposition rather than by imposing the additional burdens associated with attendance at trial. They also respect the need to compensate physician-witnesses to the extent necessary to cover their overhead costs and to pay them a fee commensurate with their professional standing and special expertise.

<u>Lamere</u>, 223 F.R.D. at 92 (citing <u>Haslett v. Texas Indus., Inc.</u>, Civ. No. 397-CV-2901D, 1999 WL 354227, at *2 (N.D. Tex. May 20, 1999). Moreover, the $250 hourly rate is within the range of other courts' holdings on the compensation of treating physicians. <u>See, e.g.</u>, <u>Coleman v. Dydula</u>, 190 F.R.D. 320 (W.D.N.Y. 1999) (finding $250 to be a reasonable hourly rate for a treating physician); <u>Magee v. Paul Revere Life Ins. Co.</u>, 172 F.R.D. 627, 645-46 (E.D.N.Y. 1997) (holding that $250 per hour was a reasonable fee for a treating psychiatrist's deposition). Accordingly, the defendant shall pay Dr. Cohen the amount of $1,250 at the time of his deposition.

CONCLUSION

For the foregoing reasons, the plaintiff's motion to quash subpoena duces tecum [doc. # 31] is GRANTED IN PART and DENIED IN PART. Insofar as the defendant seeks the plaintiff's entire personnel file, and "any and all records" that pertain to the plaintiff, the motion is GRANTED. Insofar as the defendant seeks documents that relate specifically to complaints the plaintiff lodged against fellow employees or managers during the course of her employment at Enterprise, the motion is DENIED. The defendant's motion to compel production of psychotherapy records [doc. # 37] is GRANTED IN PART and DENIED IN PART. After an <u>in camera</u> review, the court directed the plaintiff to produce certain unredacted records relevant to this action. The plaintiff's motion to compel expert fee [doc. #40] is GRANTED. The defendant shall pay Dr. Cohen the amount of $1,250 at the time of his deposition. The plaintiff's motion for sanctions [doc. # 41] is DENIED.

SO ORDERED this the _27th_ day of September 2007, at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge